**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| ARENA IP, LLC, | ) | |
|      Plaintiff, | ) | |
| | ) | **Civil Action No. 1:23-cv-13006-MJJ** |
| v. | ) | |
| | ) | |
| NEW ENGLAND PATRIOTS, LLC, | ) | |
|      Defendant. | ) | **JURY TRIAL DEMANDED** |
| | ) | |

<u>**PLAINTIFF'S SUPPLEMENTAL BRIEF IN RESPONSE TO DEFENDANT'S MOTION
TO DISMISS FOR FAILURE TO STATE A CLAIM BASED ON 35 U.S.C. § 101**</u>

## TABLE OF CONTENTS

**I.   THIS CASE SHOULD NOT BE DISMISSED BECAUSE THE CLAIMS ARE PATENT-ELIGIBLE** ................................................................................ 1

**II.   THE PATENT AT ISSUE IN *RIGGS* IS DISTINGUISHABLE** .................................. 3

**III.   CONCLUSION** ................................................................................................. 5

# TABLE OF AUTHORITIES

**Cases**

*Alice Corp. Pty. Ltd. v. CLS Bank Int'l*, 573 U.S. 208, 134 S. Ct. 2347 (2014) ..................... 2, 3, 4

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ................................................................................. 1

*BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341
(Fed. Cir. 2016) ....................................................................................................................... 2, 3, 4

*Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000)................................. 1

*Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359 (Fed. Cir. 2020)....................... 2

*Druker v. Sullivan*, 334 F. Supp. 861 (D. Mass. 1971)................................................................. 1

*Finjan, Inc. v. Blue Coat Systems, Inc.*, 879 F.3d 1299 (Fed. Cir. 2018) ...................................... 2

*Kaiser Aluminum & Chem. Sales v. Avondale Shipyards*, 677 F.2d 1045 (5th Cir. 1982)............. 1

*Mayo Collaborative Servs. v. Prometheus Labs., Inc.*, 566 U.S. 66, 132 S. Ct. 1289 (2012) ........ 2

*McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299 (Fed. Cir. 2016).......................... 2

*Panasonic Corp. v. Magna Int'l., Inc.*, 6:21-cv-00319-ADA, 2022 WL 174513 (W.D. Tex. Jan
20, 2022)..................................................................................................................................... 1

*Riggs Tech. Holdings, LLC v. Cengage Learning, Inc.*, No. 2022-1468, 2023 U.S.
App. LEXIS 942  (Fed. Cir. Jan. 17, 2023)................................................................................. 4

*Riggs Technology Holdings, LLC v. Cengage Learning, Inc.*, 581 F. Supp. 3d 357
(D. Mass. 2022).......................................................................................................................... 4

*SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161 (Fed. Cir. 2018) ............................................... 2

*Thales Visionix Inc. v. United States*, 850 F.3d 1343 (Fed. Cir. 2017) ........................................ 3

Rather than focus on the Complaint at issue in this case and the patent at issue in this case, Defendant New England Patriots, LLC ("Patriots" or "Defendant") argues for dismissing the case against it because Plaintiff, Arena IP, LLC ("Arena" or "Plaintiff") has sued other defendants. In addition, Patriots ask this Court to dismiss Arena's case against it because courts including this one have dismissed cases previously filed by Arena's counsel;[1] however, all of those cases involve different plaintiffs and different defendants, in cases alleging infringement of other patents. None of the cases cited by Patriots have any bearing on the case before this Court.

With respect to the instant case, Patriots reiterate its overly narrow interpretation of U.S. Patent No. 8,320,820 (the "'820 patent") as being directed to "providing Wi-Fi access in a public venue."[2] As detailed in its Response to Defendant's Motion to Dismiss for Failure to State a Claim Based on 35 U.S.C. § 101 (the "Motion"),[3] the claims of the '820 patent are patent eligible.

## I.    THIS CASE SHOULD NOT BE DISMISSED BECAUSE THE CLAIMS ARE PATENT-ELIGIBLE

The first part of the *Alice* test is to determine whether the claims are directed to an abstract idea, a law of nature or a natural phenomenon (*i.e.*, a judicial exception).[4] If the claims are directed to a judicial exception, the second part of the *Alice* test is to determine whether the claim recites additional elements that amount to significantly more than the judicial exception.[5] Here, the claims are not directed towards an abstract idea, law of nature or natural phenomenon. The claim survive at step 1.

---

[1] Defendant New England Patriots LLC's Supplemental Brief In Support Of The Motion To Dismiss For Failure To State A Claim Based On 35 U.S.C. § 101 ("Suppl. Brief"), Doc. No. 37, fns. 1 & 2.

[2] Suppl. Brief, Doc. No. 37, at p. 1.

[3] Doc. No. 20.

[4] *Id.*

[5] *Id.* citing *Mayo,* 566 U.S. at 72-73.

At *Alice* step one, the courts determine whether the claims are directed to an abstract idea. *Alice*, 573 U.S. at 217, 134 S.Ct. 2347, by analyzing the "focus" of the claim, i.e., its "character as a whole," to determine whether the claim is directed to an abstract idea. *SAP Am., Inc. v. InvestPic, LLC*, 898 F.3d 1161, 1167 (Fed. Cir. 2018). In cases involving software innovations, this inquiry often turns on whether the claims focus on specific asserted improvements in computer capabilities or instead on a process or system that qualifies an abstract idea for which computers are invoked merely as a tool. *Customedia Techs., LLC v. Dish Network Corp.*, 951 F.3d 1359, 1364 (Fed. Cir. 2020) (citing *Finjan, Inc. v. Blue Coat Systems, Inc.*, 879 F.3d 1299, 1303 (Fed. Cir. 2018)). At *Alice* step two, the court must "look to both the claim as a whole and the individual claim elements" to determine whether they "amount[ ] to significantly more than a patent upon the ineligible concept itself"[6] "[A]n inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces."[7] Applying these standards, the claims of the '820 patent are patent eligible.

The claims of the '820 patent are directed to improvements in systems that can enable video and data communications with multiple wireless hand held devices for older venues that lack the "built-in" wireless data communications infrastructure necessary to support large scale hand held device access to live video recorded by cameras at entertainment venues and associated entertainment data.[8] Contrary to Patriot's overly simplified characterization of the claims of the '820 patent as abstract, the claims of the '820 patent claim a unique combination and configuration of components that comprise a system that, prior to the claimed inventions in the '820 patent, were

---

[6] *McRO, Inc. v. Bandai Namco Games Am. Inc.*, 837 F.3d 1299, 1312 (Fed. Cir. 2016).
[7] *BASCOM Glob. Internet Servs., Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016).
[8] Doc. 19-1 at C:1, L:58 to C:2, L-3.

not disclosed.[9] See, e.g., *Thales Visionix Inc. v. United States*, 850 F.3d 1343, 1347-49 (Fed. Cir. 2017).   Patriot's arguments ignore the abstract of the '820 patent, the embodiments, or the specifications. Taking into account all of the foregoing, the '820 patent is not directed to an abstract idea.

As to step two of *Alice*, Patriot argues that the use of "generic computer technology" forecloses inventiveness.[10] Patriot's argument ignores Federal Circuit precedent to the contrary, holding that "an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces."[11]   In the instant case, the USPTO recognized that the system disclosed in the '820 patent was not disclosed by the prior art, and issued the patent.[12] The '820 patent claims satisfies both step one and step two of *Alice*.   Accordingly, the claims include patentable subject matter.

## II.   THE PATENT AT ISSUE IN *RIGGS* IS DISTINGUISHABLE

In *Riggs Technology Holdings, LLC v. Cengage Learning, Inc.*, 581 F. Supp. 3d 357 (D. Mass. 2022), the court addressed the patentability of claims directed to methods and systems for remotely managing training. The court held that the "concept underlying the" patent's claims – "providing, managing, and/or documenting training completed remotely on a handheld device" – was abstract. *Id.* at 361. The claimed "advance" described "an existing process (providing and managing training)" and proposed "using existing technology" "to achieve the abstract end-result at the heart of the patent (providing wireless, remote access to training programs)" *Id.* at 362. The Federal Circuit concluded that the patent in *Riggs* abstract because it was directed to the patent-

---

[9] See also, Examiner's comments, Doc. 19-4, at 7-8.
[10] Doc. 37, at p. 3.
[11] *BASCOM Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016).
[12] Examiner's comments, Doc. 19-4, at 7-8.

ineligible abstract mental process of managing training that was provided remotely, and that the claimed steps involved mental tasks that humans do, such as making determinations and identifications. *Riggs Tech. Holdings, LLC v. Cengage Learning, Inc.*, No. 2022-1468, 2023 U.S. App. LEXIS 942, at *5 (Fed. Cir. Jan. 17, 2023). That is not the case here. The '820 patent is directed to providing wireless data communications systems including communications nodes set up to establish a communication network, and to wireless data communications systems including communications nodes comprising a communication network within a public venue supporting access to video and data by hand held devices also located within the public venue.[13]

At *Alice* step two, the patent at issue in *Riggs* did not contain an "inventive concept", but claimed the use of generic components, that were not used in any inventive way.[14] Patriot's argument ignores the well-recognized principle that that "an inventive concept can be found in the non-conventional and non-generic arrangement of known, conventional pieces."[15] In contrast to the patent claims at issue in *Riggs*, the claims of the '820 patent contain an inventive concept. The '820 patent contains many prior art references, including more than 30 patents and applications, and nine other publications. The USPTO found that the system disclosed by the '820 patent was patentable and not disclosed by the prior art.[16]

Accordingly, the conclusions in *Riggs* are distinguishable from the instant case.

As noted by the Examiner who allowed these claims:

> the prior art of record does not disclose more than one self-contained pod including wireless communications electronics and an integrated antennae operating as a wireless access point and deployed as a matrix of communications nodes throughout the public venue to provide enhanced wireless communications capacity throughout the sports and

---

[13] Doc. 19, ¶ 8; Doc. 19-1, at C:1, L:23-30, and Claims 1 and 8.
[14] Doc. 37, at 4.
[15] *BASCOM Global Internet Services, Inc. v. AT&T Mobility LLC*, 827 F.3d 1341, 1350 (Fed. Cir. 2016).
[16] Doc. 19-4, at 7-8.

entertainment venue and to support bi-directional communication of the hand held wireless communication device used by spectators located throughout the sports and entertainment venue" together with the other claim features.[17]

Therefore, the claims relate not to the abstract idea of providing Wi-Fi access in public venues, but to providing a wireless data communications systems including communications nodes set up to establish a communication network, and to wireless data communications systems including communications nodes comprising a communication network within a public venue supporting access to video and data by hand held devices also located within the public venue.[18]

If the Court is inclined to grant the Motion, Plaintiff requests the opportunity to amend the complaint to add the factual issues that must be resolved. While the '820 patent is incorporated by reference, adding the factual assertions to the complaint would further illustrate why the claims are not directed towards patent ineligible subject matter.

## III.    CONCLUSION

For the foregoing reasons, Arena respectfully requests that the Court deny Defendant's Motion to Dismiss.

Dated: January 5, 2024                    Respectfully submitted

                                          **Ramey LLP**

                                          */s/William P. Ramey, III*
                                          William P. Ramey, III
                                          Texas Bar No. 24027643
                                          5020 Montrose Blvd., Suite 800
                                          Houston, Texas 77006
                                          (713) 426-3923 (telephone)
                                          (832) 900-4941 (fax)
                                          wramey@rameyfirm.com

                                          ***Attorneys for Arena IP, LLC***

---

[17] Doc. 19-4, at 7-8.
[18] Doc. 19, ¶ 8; Doc. 19-1, at C:1, L:23-30, and Claims 1 and 8.

## **CERTIFICATE OF SERVICE**

Pursuant to the Federal Rules of Civil Procedure, I hereby certify that all counsel of record who have appeared in this case are being served on this day of January 5, 2024, with a copy of the foregoing via CM/ECF Filing.

*/s/ William P. Ramey, III*
William P. Ramey, III